UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD LAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV876 CDP |
| | ) | |
| | ) | |
| MALLINCKRODT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Howard Law filed this personal injury products liability action in the Missouri state court. He sued manufacturers and distributors of OxyContin, seeking damages as a result of his addiction to the drug. Defendants removed the case to federal court, as "related to" a bankruptcy case. Law has a pending bankruptcy case in Illinois, and is making payments under a confirmed plan there. Plaintiff seeks to remand the case, and the defendants seek to transfer it to the Illinois federal court. I conclude that the principle of mandatory abstention requires that I remand the case to state court, because the case can be timely adjudicated there and this court would not have federal jurisdiction absent the bankruptcy proceedings.

## Background

On April 13, 2005, Howard Law filed this suit in the Twenty-Second Judicial Circuit Court. The removing defendants are Purdue Pharma, Inc., Purdue Frederick Company, and P.F. Laboratories, Inc. The Purdue defendants were served with notice of the suit on April 15, 2005. On April 29 counsel for the Purdue defendants learned that Law had filed for bankruptcy protection in March of 2003 and had received a confirmed payment plan, which is currently being administered by the United States Bankruptcy Court, Central District of Illinois.

On May 27, 2005, the Purdue Defendants filed a Notice of Removal under 28 U.S.C. § 1452 in the United States Bankruptcy Court, Eastern District of Missouri, asserting federal jurisdiction under 28 U.S.C. § 1334(b). The Bankruptcy Court delivered the case to this Court (apparently because it required a jury trial) and the case was opened here. The Purdue defendants have filed a motion to transfer venue to the United States District Court, Central District of Illinois, where the bankruptcy case is pending. Law is an Illinois citizen, and all of his medical treatment took place near his home in the Central District of Illinois. The only connection this case has to Missouri is that one defendant, Mallinckrodt, is located here.

Law opposes the motion to transfer, and seeks remand of the case to the state court. His bases for remand are (1) that the removal was untimely under Federal

Rule of Bankruptcy 9027; (2) that the mandatory abstention rule of 28 U.S.C. § 1334(c)(2) requires remand; or (3) that permissive abstention should be granted under 28 U.S.C. § 1334(c)(1). The Purdue defendants urge me to transfer the case to the bankruptcy court before deciding any of the remand issues.

## Discussion

A.     Transfer

The defendants contend that this Court should transfer the case to the Central District of Illinois before ruling on the motion to abstain or remand. In support of their argument, the defendants maintain that in situations where the majority of parties are located in the proposed forum and transfer is not likely to prejudice the plaintiff, the proposed Court will be in a "better position to consider the issues of abstention and remand." In re Vital Link Lodi, Inc., 240 B.R. 15, 21 (W.D. Mo. 1999). Some courts have approved this process, but I believe that I should determine at least the issues surrounding the propriety of the removal before determining the transfer issue. If the case is not "related to" the bankruptcy proceeding then there is no federal jurisdiction, and it would be improper for me to rule on any issues if jurisdiction is lacking. See Integrated Health Services v. THCI Co., 2005 WL 1875703, No. 04-2830 (8th Cir. August 10, 2005) (slip op. at 7). As set forth below, I do agree that the case is related to the bankruptcy, so I have

subject matter jurisdiction.  I also conclude, however, that abstention is required under 28 U.S.C. § 1334.  I see no reason to transfer the case to the Central District of Illinois, as I believe that court would reach the same conclusion.  Transferring the case would only delay the inevitable remand, and would serve no purpose.

B.    "Related to" jurisdiction

The Eighth Circuit has formulated the following test for determining whether a claim is "related to" a bankruptcy estate:

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy . . .  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, opinions or freedom of action . . . and which in any way impacts upon handling and administration of the bankrupt estate.

In re Dogpatch Properties U.S.A.,, 810 F.2d 782, 786 (8th Cir. 1987), (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1985)); see also Integrated Health Services, supra, slip op. at 8.  The bankruptcy code provides that "all legal and equitable interests of the debtors as of the commencement of the case" are considered property of the estate, which includes "all causes of action that the debtor could have brought at the time of the bankruptcy petition." 11 U.S.C. § 541; United States ex. rel. Gebert v. Transp. Admin. Servs., 260 F.3d 909, 913 (8th Cir. 2001), (citing Mixon v. Anderson, 816 F.2d 1222, 1225 (8th Cir. 1987)).

This claim is property of the bankruptcy estate if it accrued before the plaintiff filed his bankruptcy claim. Law testified in his deposition that he knew he was addicted to OxyContin within one year of beginning the medication, and he began taking the medication in December of 2000. Thus, Law could have brought this claim any time after he realized he was addicted, or any time after December of 2001. He filed for bankruptcy in 2003. As Law could have brought this claim before he filed for bankruptcy, the claim is considered property of the bankruptcy estate, which is sufficient for § 1334(b) "related to" jurisdiction.

C.   Timely Removal

Plaintiff contends that the Notice of Removal was not timely filed, as it was not filed within thirty days of the suit's commencement, and so the case should be remanded to state court. Defendants argue that removal was timely because they filed it within thirty days of their discovery of the bankruptcy. Under 28 U.S.C. § 1452, a party may remove a civil action to the District Court where the civil action was originally filed if the District Court has jurisdiction under § 1334. Neither § 1334 nor § 1452 specify a time limit for removal. Federal Rule of Bankruptcy 9027, however provides a thirty-day limit:

> . . . a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action

> sought to be removed, or (B) 30 days after receipt of the summons if
> the initial pleading has been filed with the court but not served with the
> summons.

Fed. R. Bankr. P. 9027(a)(3).  The advisory committee notes to Rule 9027 provide

that "Subdivisions (a)(2) and (a)(3) are derived from paragraphs one and two of 28

U.S.C. § 1446(b)."  Section 1446(b), of course, provides an exception to the strict

thirty-day time limit for removal:

> If the case stated by the initial pleading is not removable, a notice of
> removal may be filed within thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading,
> motion, order or other paper from which it may first be ascertained that
> the case is one which is or has become removable . . .

28 U.S.C. § 1446(b).  Rule 9027 contains no such explicit provision, but defendants

argue that the "other paper from which it may first be ascertained" concept should

be applied to bankruptcy removals.

The parties have provided no case law involving a situation similar to this,

and I have not found any.  Although there are cases discussing the interplay between

Rule 9027 and § 1446, none discuss a situation where a plaintiff failed to disclose

an asset (a cause of action) in a bankruptcy case, and then failed to disclose the

bankruptcy in the later-filed civil suit.  When Law filed this case on April 13, the

initial pleading did not present an issue of either federal question or diversity

jurisdiction.  The face of the complaint showed no basis for federal jurisdiction and

did not mention the bankruptcy, and so there was no basis to remove the case at that time. Defendants became aware of the plaintiff's pending bankruptcy case on April 29. This discovery would satisfy the "other paper" alternative of § 1446(b) if this were a diversity or federal question removal. I conclude that the interests of justice require the "other paper" requirement be applied to this case. The advisory notes to the bankruptcy rule make explicit reference to § 1446. As a matter related to a pending bankruptcy claim, this action became removable only when defendants were able to ascertain the existence of the bankruptcy. Plaintiff argues that the bankruptcy was an ascertainable fact that defendants could have discovered on April 15 when they were served. It does not seem just to me, however, to allow a plaintiff to hide an asset from the bankruptcy court, file suit in a different jurisdiction, and then place the burden on a defendant to uncover the plaintiff's bankruptcy. I therefore conclude that the defendants had thirty days from April 29, 2005, to file a notice of removal. They filed their notice of removal on May 27, 2005, fewer than 30 days from when the removing party ascertained the removability of the present action; thus, removal was timely.

D.    <u>Mandatory Abstention</u>

Under 28 U.S.C. § 1334(c)(2) this Court must abstain from hearing the case if the following two conditions are met:

(1) the action could not have been heard in federal court but for the fact that it was related to a Title 11 case; and (2) an action is commenced, and can be timely adjudicated in a state court of competent jurisdiction.

See also Official Plan Comm. of Omniplex Communications Group, LLC v. Lucent Techs., Inc., 344 F. Supp. 2d 1194, 1198 (E.D. Mo. 2004). The first condition is met since this is a case that concerns a purely state-law issue and the only basis for federal jurisdiction is that it is related to a pending bankruptcy. Additionally, the action was commenced in state court. Therefore the only issue before me was whether it can be timely adjudicated in the state court where it was commenced.

Some of the factors used to determine the timely adjudication question are: (1) the backlog of the state court's calendar; (2) the status of the bankruptcy proceeding; (3) the complexity of the case; and (4) whether disposition in state court would prolong the administration of the estate. Georgou v. Fritzshall, 157 B.R. 847, 851 (N.D. Ill. 1993). Timely adjudication may be a relatively insignificant factor in cases where the confirmed repayment plan is not centered on the disposition of the "related to" case. See Personette v. Kennedy, 204 B.R. 764, 779 (B.A.P. 10th Cir. 1997).

Law has received a confirmed reorganization plan in his bankruptcy suit, and has been making payments in accordance with the confirmed plan. His counsel has

represented to the Court that this is a "100% payment" plan, and that this asset would have made no difference in the bankruptcy case. I agree that remanding this case to state court would not prolong the administration of the estate. The disposition of this suit is not essential to the administration of the bankruptcy estate. The plaintiff has presented evidence tending to show that the state court would be timely, and there is no reason to believe that the federal court would be any faster than would the state court. Additionally, the case is not unusually complicated – there are hundreds of similar cases pending in state and federal courts around the country.[1] Thus, this Court must abstain from hearing this case.

E.    Permissive Abstention

Even if timely adjudication were a problem in this case, I would still remand the matter to the state court where it was filed based on permissive abstention. Under 28 U.S.C. § 1334(c)(1), the district court may abstain from hearing a proceeding related to a bankruptcy claim "in the interest of justice, or in the interest of comity with State courts or respect for State law." There are numerous factors a court should look to in considering permissive abstention. See In re Williams, 256 B.R. 885, 894 (B.A.P. 8th Cir. 2001)(listing twelve factors, many of which are

---

[1]Both sides charge the other with forum shopping. I suspect that both are guilty as charged, but under the circumstances of this case, I do not find the forum shopping issue to weigh in favor of either party.

inapplicable here).  Of the factors listed in <u>Williams</u>, those of particular relevance to this case show that the case should be remanded:  (1) the disposition of this case should have no effect on the efficient administration of the bankruptcy estate because the plaintiff has received and is following a confirmed payment plan, (2) the present case is based entirely on State tort law and there is no bankruptcy issue involved, (3) this Court only has jurisdiction based on § 1334, and (4) there is no substantive relationship between the present tort claim and the bankruptcy claim. The weight of these factors persuades this Court to exercise its discretion to abstain from hearing this matter.

<u>Conclusion</u>

This court is required to abstain from adjudicating this case pursuant to 28 U.S.C. § 1334(c)(2) because this court only has jurisdiction based on § 1334(b), and the case was commenced in and can be timely adjudicated in state court.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Abstain and Remand [# 6] is GRANTED.

**IT IS FURTHER ORDERED** that all other motions are denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this

case to the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis

City, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2005.